RECEIVED
BY MAIL
NOV 29 2004
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AUGUSTINE I. FALODUN, *
Petitioner, *
-vs- * Civil No. 03-6504-ADM
UNITED STATES OF AMERICA, * Crim. No. 01-380(6)ADM/RLE
Respondent. *

REQUEST FOR A RULING ON PENDING MOTION

On October 5, 2004, this Court denied Petitioner's request of this "Court to reconsider and revise an order dated August 23, 2004, (Docket No. 500), which denied his then pending motion to amend his application for relief under 28 U.S.C., §2255." Id. This Court's denial is based on the legal reason that a notice of appeal filed by Petitioner (Docket No. 496) divested this Court of jurisdiction over the merits of the motion to amend.

Petitioner then proceeded to the Eighth Circuit Court of Appeals and requested that the pending appeal be dismissed without prejudice so that this court could regain its jurisdiction. On October 29, 2004, the Eighth Circuit Court of Appeals entered an order dismissing the said appeal, albeit with prejudice as opposed to without prejudice. See Copy of the October 29, 2004 order.

As it stands now, the jurisdictional pathway has been cleared for this Court to reach the merits of the pending motion to amend. It should be noted that Petitioner filed this said motion to amend prior to the ultimate dismissal of the application for certificate



SCANNED
NOV 29 2004
U.S. DISTRICT COURT ST. PAUL

of appealability by the Eighth Circuit. As such, this Court should not subject Petitioner's pending motion to the stringent provisions of a second or successive petition. This is because under the Anti-Terrorsim and Effective Death Penalty Act of 1996, a filing is deemed a second or successive if and only if it was filed **after** the initial section 2255 motion has been fully adjudicated. See Ching v. United States, 298 F.3d 174(2nd Cir. 2002). (Emphasis added).

The Ching court held that "when a §2255 motion is filed before adjudication of an initial section 2255 motion is **complete**, the district court should construe the second §2255 motion as a motion to amend the pending §2255 motion." Id., @177. This conclusion is reached by that court because as it opined, "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that counts as the first. A petition that has reached **final** decision counts for this purpose." Id., @ 177. (Emphasis in original.)

Petitioner's first §2255 motion reached final decision on October 29, 2004 when the Eighth Circuit Court of Appeals denied certificate of appealability and dismissed case. However, the motion which a ruling is requested on was filed prior to October 29, 2004, therefore, under the wisdom of Ching, this Court should construe it as an amendment to the initial section 2255, and rule on its merits.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

Augustine I Falodun

Augustine I. Falodun
Petitioner-Pro Se