UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
05 JAN -4 AM 9:53
CLERK, U.S. DIST. COURT
ST. PAUL, MN

| | | |
|---|---|---|
| AUGUSTINE FALODUN, | ) | |
| Petitioner, | ) | |
| -vs- | ) | Case No. 01-Cr-380(6) |
| UNITED STATES OF AMERICA, | ) | 03-CV-6504(ADM) |
| Respondent. | ) | |

MOTION FOR SUPPLEMENTAL SUBMISSION
TO THE PENDING SECTION 2255 MOTION

On February 27, 2004 this Court entered an order denying Petitioner's section 2255 motion. No separate document under Rule 58, Fed.R.Civ.P. was entered to signify the Court's final judgment. Accordingly, pursuant to Rule 4(a)(7)(A)(ii),Fed.R.App.P., Petitioner filed his notice of appeal on July 22, 2004, witihn the 150 days allowed by the above mentioned appellate rule. This pendency of Petitioner's appeal means that Petitioner's section 2255 proceeding has not concluded, as such Rule 15(c) Federal Rules of Civil Procedure, allows a supplemental submission to the pending section 2255. See Ching v. United States, 298 F.3d 174(2nd Cir. 2002)("in the AEDPA context, adjudication of an initial habeas corpus petition is not necessarily complete, such that a subsequent filing constitutes a 'second or successive' motion, simply because the district court rendered a judgment that is "final" within the meaning of 28 U.S.C., §1291.") In Ching, the court further explained that "[w]e find that adjudication of Ching's initial motion was not yet complete at the time he submitted his second §2255 motion. The denial of the March 1997 motion was still pending on appeal before this Court and no



SCANNED
JAN 04 2005
U.S. DISTRICT COURT ST. PAUL

final decision had been reached with respect to the merits of Ching's claim. Our conclusion that the adjudication of Ching's initial §2255 motion was still ongoing during the period of appellate review is supported by the subsequent timeline in this case." Id., @ 178.

In this case at bar, since the appeals court is yet to begin the process of Petitioner's appeal, this case is still pending and ongoing in the context of the AEDPA filings. As such, a Rule 15(c) could be filed, and Petitioner urges this Court to allow the filing under its discretionary power.

This supplemental submission is filed because the Supreme Court's recent ruling in Blakely v. Washington, 2004 U.S. LEXIS 4573(6-24-04) effectively invalidates the sentencing guidelines enhancements sustained by this Petitioner, to wit, the amount of loss (and anticipated loss) recorded in the case.

In Blakely, the High Court repudiated any use of facts found by a judge in enhancing a defendant, except if those facts are found by the jury or admitted by the defendant. The court also pointed out that contrary to what the lower courts thought, that "the 'statutory maximum' for Apprendi [v. New Jersey, 120 S. Ct. 2348(2000)] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

Petitioner was charged with a "February 26, 2000" check passing, for $3,000, and another for $2,500, for February 15, 2000. His Plea Agreement states that "the defendant **specifically admits,** and **will admit** in open court," these conducts. See p.2 of the Plea Agreement. However, for sentencing, Petitioner was assessed relevant

conduct of upto but not to exceed $7,500,000, for 18 levels enhancement, and also 2 additional levels enhancement for involving more than 10 federally insured financial institutions. See p.6 of the Plea Agreement.

Because Petitioner "**specifically**" admitted to the $3,000 and $2,500 (a total of $5,500), and not to the relevant conduct, Petitioner's sentence which relied on these enhancements, is unconstitutional. A correct sentence which this Court should impose at a re-sentencing, should be for base offense level 6, plus 2 levels enhancement for $5,500, for a total of 8 adjusted offense level, at a criminal history category of II, for a sentencing range of 4 to 10 months.

It should be noted that Petitioner's case came about when Apprendi had already become law, and since Blakely is an extension of Apprendi, it applies with the same force and effect as did Apprendi to this case. See Patterson v. United States, 2004 U.S LEXIS 12402(E.D.MI 6-25-04)(Blakely retroactively applicable on collateral review if defendant's sentence was not yet "final" when Apprendi was decided.)

Accordingly, Blakely applies to this case, and under Rule 15(c), this supplemental submission can be heard. See Ching, supra.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

[signature]

Augustine Falodun, Pro Se
Petitioner

## Certificate of Service

I certify that a true and correct copy of the within Motion has been sent to the following:

David J. MacLaughlin, AUSA
United States Attorney's Office
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Respectfully Submitted:

Augustine Falodun, Pro Se
Petitioner
FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432

Dated: 13 day of Dec., 2004.