**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Augustine Falodun,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

---

Crim. No. 01-380 (6) (ADM/RLE)
Civil No. 03-6504 (ADM)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's "Motion For Supplemental Submission To The Pending Section 2255 Motion." (Docket No. 530.) Petitioner is seeking to amend an earlier motion challenging his conviction and sentence, which was brought under 28 U.S.C. § 2255. (Docket No. 487.) Petitioner's § 2255 motion was filed in December 2003, and it was denied on the merits on February 27, 2004. (Docket No. 493.) On July 30, 2004, Petitioner filed a Notice of Appeal, (Docket No. 496), seeking appellate review of his § 2255 claims.

Shortly after Petitioner filed his Notice of Appeal, he filed a motion entitled "Motion For Supplemental Submission To The Pending Section 2255 Motion," (Docket No. 498), which was identical to the motion now before the Court. In both of these motions, Petitioner has sought to bring a new challenge to his sentence based on the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004).

Petitioner's initial "Motion For Supplemental Submission" was denied, because his still pending appeal deprived this Court of jurisdiction to consider a motion to add new claims for relief. (Order dated August 23, 2004; [Docket No. 500].) However, Petitioner's appeal has since been dismissed by the Eighth Circuit. (Judgment of the Court of Appeals dated October 29, 2004;

[Docket No. 528].)[1] Petitioner believes that the dismissal of his appeal revives this Court's jurisdiction in this matter, and allows the Court to now grant his "Motion For Supplemental Submission." The Court disagrees. Although the dismissal of the appeal allows the Court to address the "Motion For Supplemental Submission," (rather than summarily deny it for lack of jurisdiction, as was required the first time the motion was filed), that motion still cannot be granted.

When a § 2255 motion has been denied on the merits, and that denial has become final on appeal, any subsequent attempt to challenge the petitioner's conviction or sentence must be viewed as a second or successive § 2255 motion. See Ching v. United States, 298 F.3d 174, 177 (2nd Cir. 2002) (a § 2255 motion that has "reached final decision" counts as a first motion, for purposes of determining whether a later challenge should be treated as a second or successive motion). A second or successive § 2255 motion cannot be entertained by a federal district court, unless it has been pre-approved by the apposite circuit court of appeals. 28 U.S.C. §§ 2255 [¶ 8], 2244(b)(3). Because the Eighth Circuit Court of Appeals has not given Petitioner permission to file a second or successive § 2255 motion, his current "Motion For Supplemental Submission," which must be construed to be a second § 2255 motion for purposes of §§ 2255 [¶ 8] and 2244(b)(3), cannot be entertained by this Court at this time.[2]

---

[1] Petitioner claims that his appeal was voluntarily withdrawn so that his new Blakely claims could be considered here, but the Judgment of the Court of Appeals belies that assertion. That Judgment expressly states that Petitioner's motion to voluntarily dismiss his appeal was denied, that his request for a Certificate of Appealability also was denied, and that the appeal was dismissed. Thus, the Judgment clearly shows that Petitioner's appeal was not withdrawn to allow further proceedings in the District Court, nor was the case remanded back to the District Court; but rather, the Court of Appeals dismissed the appeal on the merits.

[2] This principle was explained in Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999), as follows:

In reaching the conclusion that Petitioner's current motion is barred by the rules governing second and successive § 2255 motions, the Court has in mind the Ching case, which Petitioner argues supports his "Motion For Supplemental Submission." In fact, Ching may provide the most direct support for the Court's resolution of Petitioner's pending motion.

In the case cited by Petitioner, a prisoner named Ching unsuccessfully challenged his federal criminal conviction and sentence in a § 2255 motion, and then took an appeal. While Ching's appeal was pending, he filed a habeas corpus petition under 28 U.S.C. § 2241, which raised a new challenge to his conviction. Before the § 2241 petition was adjudicated, the Court of Appeals remanded the § 2255 case to the district court. The district court then construed the § 2241 petition to be a second or successive § 2255 motion, and dismissed it, because it had not been pre-approved by the Court of Appeals. The prisoner then returned to the Court of Appeals, claiming that he was entitled to have his new claims, (i.e., those raised in his § 2241 habeas petition), heard and decided on the merits. In the second appeal, the Court of Appeals concluded that Petitioner's habeas petition

---

> "[A]dditional filings in the first collateral attack may be treated as 'second or successive' petitions when the first has reached a final decision. Suppose a collateral attack has been fully adjudicated, a final judgment has been entered, and the time for appeal has expired. The prisoner then files a motion under Fed.R.Civ.P. 60(b) advancing new theories of relief. Such a maneuver is a transparent attempt to avoid the need for prior appellate approval of a second collateral attack, and we concluded in Burris v. Parke, 130 F.3d 782, 783 (7th Cir.1997), that it must be seen for what it is and dismissed by the district judge. (Other courts of appeals, cited in Burris, had reached the same conclusion.) Likewise when a prisoner, having lost on appeal, advances novel arguments in support of a motion to recall the mandate. This, too, is just a new collateral attack by another name, and it is proper only if it meets the statutory criteria." (Emphasis added.)

Applying the same reasoning here, this Court concludes that Petitioner's current "Motion For Supplemental Submission" is a "transparent attempt to avoid the need for prior appellate approval of a second collateral attack" on Petitioner's sentence.

should not have been construed as a second or successive § 2255 motion, because his original § 2255 motion was still unresolved. Ching, 298 F.3d at 179 ("[w]e find that adjudication of Ching's initial motion was not yet complete at the time he submitted his second § 2255 motion, [i.e., the § 2241 habeas petition]"). The Court of Appeals therefore concluded that the § 2241 habeas petition was a permissible amendment to the still unresolved original § 2255 motion. Id. at 181 (§ 2255 [¶ 8] "does not prohibit amendment of a § 2255 motion after adjudication has proceeded beyond the first round of appeals").

In the present case, Petitioner argues that his current "Motion For Supplemental Submission" is analogous to Ching's § 2241 habeas petition, and that he too should be allowed to file a post-appeal amendment to his original § 2255 motion. The Court agrees that Petitioner's current motion is analogous to Ching's habeas corpus petition in that it seeks to add a new claim to an old § 2255 motion. However, this case is distinguishable from Ching in one critical respect: Ching's case was remanded to the district court for further proceedings after his first appeal, while Petitioner's recent appeal was simply dismissed, without being remanded. (See n. 1, supra.) The significance of this distinction, (between remand and dismissal), is explained in the following footnote from the Ching opinion:

> "The filing of the notice of appeal [in Ching's first appeal] divested the district court of jurisdiction over Ching's original § 2255 motion.... [Citation and quotation omitted.] The district court could not rule on any motion affecting an aspect of the case that was before this Court, including a motion to amend the motion, while that appeal was pending.... [Citations and quotations omitted.] As a result, had we affirmed the district court's denial of his initial § 2255 motion, Ching would have been foreclosed from bringing these additional claims unless he satisfied the requirements applicable to second or successive motions. Viewed in this light, by allowing Ching to bring a motion to amend simply because we vacated the original dismissal, we allow him to circumvent the AEDPA's strict gatekeeping provisions and thereby reap a possible windfall."

Id. at 180, n. 5, (emphasis added).

Here, Petitioner is not entitled to reap the same "windfall" as Ching. If the Eighth Circuit had remanded Petitioner's § 2255 case back to this Court for further proceedings, then – following the rule of Ching – Petitioner presumably would have been able to amend his § 2255 motion to add a new Blakely claim. But again, the Eighth Circuit did not remand the matter; it dismissed the appeal, and thereby finalized this Court's denial of the original § 2255 motion. When the denial of the § 2255 motion became final on appeal, Petitioner lost the opportunity to amend. It follows that his present post-appeal attempt to amend his § 2255 motion by his "Motion For Supplemental Submission" must be treated as second or successive § 2255 motion. Because the Court of Appeals has not authorized Petitioner to file a second or successive § 2255 motion, his Motion For Supplemental Submission must be DENIED.[3]

Finally, the Court notes that Petitioner has filed numerous motions in this case during the past six months, which have consumed an inordinate amount of judicial time and energy. This order should bring Petitioner's recent prolific motion practice to a close. The Court will not consider any further motions that directly or indirectly challenge Petitioner's conviction or sentence, unless he files an entirely new § 2255 motion that is accompanied by an order from the Eighth Circuit Court of Appeals, obtained in the manner prescribed by 28 U.S.C. § 2244(b)(3), which expressly

[3] Even if Petitioner's "Motion For Supplemental Petition" could be entertained here, the motion would undoubtedly be denied, because this Court has already determined that Blakely is not retroactively applicable on collateral review, and Blakely claims therefore cannot be raised or decided in § 2255 motions. United States v. [Bright Idada] Falodun, Crim No. 01-380(1) (ADM/RLE), ("Memorandum Opinion And Order" dated Oct. 25, 2004), 2004 WL 2397612. The Court has found nothing in the Supreme Court's recent decision in United States v. Booker, 2005 WL 50108 (U.S. Jan. 12, 2005), that would alter the Court's previous determination that Blakely is not retroactively applicable on collateral review.

authorizes Petitioner to file a second or successive § 2255 motion. In short, no further motions should be filed in this Court in this matter without pre-approval from the Circuit Court.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's "Motion For Supplemental Submission To The Pending Section 2255 Motion," (Docket No. 530), is DENIED.

Dated: January 24, 2005

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge