**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Augustine Falodun,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

---

Crim. No. 01-380 (6) (ADM/RLE)
Civil No. 03-6504 (ADM)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's request for a Certificate of Appealability, ("COA"). (Docket No. 532.) Petitioner seeks a COA so he can appeal the Court's Order of January 24, 2005, which denied his "Motion For Supplemental Submission To The Pending Section 2255 Motion." Petitioner's COA request will be DENIED, for the reasons discussed below.

## BACKGROUND

In May 2002, Petitioner pled guilty to bank fraud and conspiracy to commit bank fraud. In December 2003, Petitioner filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 487.) That motion was denied by this Court's order of February 27, 2004, (Docket No. 493), and Petitioner later attempted to appeal that ruling to the Eighth Circuit Court of Appeals. While that appeal was pending, Petitioner made several attempts to amend his § 2255 motion to add a new claim based on the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). Petitioner's request to amend was denied (three times) for lack of jurisdiction, because the matter was still pending before the Court of Appeals. (See Orders dated August 23, 2004, [Docket No. 500], September 13, 2004, [Docket No. 504], and October 5, 2004, [Docket No. 509].)

On October 29, 2004, the Court of Appeals dismissed Petitioner's appeal of the ruling on his § 2255 motion. (Docket No. 528.) Petitioner then filed another motion in this Court seeking to add a Blakely claim to his original (now dismissed) § 2255 motion. (Docket No. 530.) The Court found that Petitioner's attempt to add a new Blakely claim to a § 2255 motion that had previously been dismissed, both here and in the Court of Appeals, must be treated as a "second or successive" § 2255 motion. Because Petitioner had not obtained permission from the Court of Appeals to file a second or successive § 2255 motion, (as required by § 2255 [ ¶ 8 ]), his latest motion seeking to add a new Blakely claim was summarily denied. (Order dated January 24, 2005, [Docket No. 531].) Petitioner now wants a COA that will allow him to seek appellate review of that ruling.

## DISCUSSION

The Court initially finds a COA is required before Petitioner can appeal the Court's order denying his latest attempt to add a Blakely claim to his § 2255 motion. Even though Petitioner is not presently trying to appeal the ruling on the § 2255 motion per se, he still needs a COA before he can pursue an appeal in the Eighth Circuit, because his attempt to add a Blakely claim is part of his original § 2255 proceeding. See 28 U.S.C. § 2253(c)(1)(B) (a COA is required whenever a defendant attempts to appeal from "the final order in a proceeding under section 2255") (emphasis added); see also Sveum v. Smith, No. 00-C-563-C (W.D.Wis. Jan. 31, 2005), 2005 WL 256529 at *1 (COA is required for appellate review of an order denying a motion related to a § 2255 motion if that related motion has been treated as a second or successive § 2255 motion), citing Jones v. Braxton, 392 F.3d 683, 685-88 (4th Cir. 2004).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court explained how the federal district

courts should determine COA eligibility in cases where, as here, the request for relief at issue has been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In this case, the Court finds that Petitioner's COA application can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

The Court remains fully satisfied that Petitioner's latest attempt to add a Blakely claim to his § 2255 motion must be treated as a second or successive § 2255 motion. By the time the motion at issue was filed, Petitioner's § 2255 motion had already been denied on the merits, and that ruling had become final on appeal. Petitioner's belated attempt to add an entirely new claim to a § 2255 motion that had already been finally dismissed on appeal could only be viewed as second or subsequent motion. Because the motion was not accompanied by a pre-authorization order from the Court of Appeals, it could not be addressed on the merits here.

Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could view his belated attempt to add a Blakely claim as anything other than a second or successive § 2255 motion that required a pre-authorization order. Therefore, Petitioner is not entitled to a COA in this matter.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's Request for A Certificate of Appealability, (Docket No. 532), is DENIED.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 11, 2005.

[1] Petitioner has suggested that he should be granted a COA because "a few courts in this jurisdiction have allowed a certificate of appealability for the Eighth Circuit to decide the retroactivity of Blakely." (Petitioner's Request For A Certificate Of Appealability, [Docket No. 532], at p. 1, n. 1.) However, the ruling that Petitioner is now trying to appeal did not require any determination of Blakely's retroactivity. The retroactivity issue was not actually decided here, because the Court concluded that given the prior dismissal of Petitioner's § 2255 motion, no Blakely claim, (or any other claim challenging Petitioner's conviction or sentence), can be brought here without pre-authorization from the Court of Appeals. If Petitioner can persuade the Court of Appeals to provide the requisite pre-authorization order – which he may able to do, if he can show that Blakely is indeed retroactively applicable – the Court will then be required to entertain his Blakely claim in a second or successive § 2255 motion. To obtain such a pre-authorization order, Petitioner will have to apply to the Court of Appeals, as prescribed at 28 U.S.C. § 2244(b)(3).